## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GALE WEBB-LOVELACE,** wife of/and **JAMES R. LOVELACE,** plaintiffs | **CIVIL ACTION NO.** <br><br> **SECTION** |
| vs. | **MAGISTRATE** |
| **SECURITY AUSTIN RISK AMG, L.L.C. d/b/a INTERNATIONAL RAM & ASSOCIATES, LLC,** defendant | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

The petition of GALE WEBB-LOVELACE, wife of/and JAMES R. LOVELACE, both persons of the full age of majority and residents of and domiciled in the Parish of St. Tammany, State of Louisiana, respectfully represent the following, to-wit:

1.

Made defendant herein is:

1. SECURITY AUSTIN RISK AMG, L.L.C. d/b/a INTERNATIONAL RAM & ASSOCIATES, LLC, ("IRAM") a Texas limited liability company, licensed and doing business in Louisiana; and may be served with process through its registered agent, Christopher Mashburn, 35 Comsouth Drive, Austin, Texas 78744.

2.

Jurisdiction of this court is proper under 28 USCA 1332. Complainants and defendant are diverse in citizenship, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.

Venue is proper in this forum 28 USCA 1391 (2) as a substantial part of the events giving rise to this claim occurred in this judicial district.

4.

Defendant herein is truly indebted unto your Complainants in an amount to be determined by this Honorable Court together with interest from the date of judicial demand until paid and for all costs

of these proceedings.

5.

On January 27, 2010 at approximately 7:45 a.m., complainant GALE WEBB-LOVELACE was checking in at Louis Armstrong International Airport when suddenly and without warning a Sky Cap, employed by IRAM, pushing a baggage cart loaded high with bags and suitcases, struck the complainant, who was in a wheelchair, causing her to fall out of her chair and onto the ground.

6.

This accident was caused by the negligence of the aforementioned Sky Cap in the following non-exclusive particulars or as may be seen at trial in this matter:

    a.    Careless handling of a baggage cart;

    b.    Failing to see what should have seen;

    c.    Stacking luggage so high on his cart so as to impair his awareness of others;

    d.    Failing to stop his luggage cart;

    e.    Reckless use of a baggage cart;

    f.    Striking the complainant;

    g.    Failing to avoid a foreseeable and injurious incident;

    h.    Failing to maintain a proper lookout;

    I.    Inattentiveness while operating a baggage cart;

    j.    Failing to exercise due caution;

    k.    Any other act of negligence shown at trial of this matter.

7.

At all times mentioned herein and pertinent hereto that the aforementioned Sky Cap was employed by IRAM.

8.

This accident was caused by the negligence of IRAM in the following non-exclusive particulars or as may be seen at trial in this matter:

    a.    Failing to follow safe practices and procedures;

    b.    Failing to properly monitor hazards and potential hazards;

    c.    Careless attention to potential dangers;

    d.    Failing to use the necessary precautions for the conditions then and there prevailing;

    e.    Allowing a baggage cart to be piled so high that its dangerous condition caused the accident and injury sustained by the complainant;

    f.    Failing to maintain a safe environment, free from hazards;

    g.    Failing to avoid a foreseeable accident;

    h.    Failing to protect others from the dangerous condition;

    I.    Failing to properly train its employee(s) to act and/or respond to avoid danger to others;

    j.    Failing to maintain strict requirements for employee qualifications and performance regarding operation of baggage carts;

    k.    Failing to provide adequate safety training;

    l.    Any other act of negligence shown at the trial of this matter.

9.

As the aforementioned Sky Cap employee was at all material times herein in the course and scope of his employment with IRAM, IRAM is vicariously liable for the negligent actions of its employee under the doctrine of *respondeat superior*.

10.

Complainant GALE WEBB-LOVELACE alleges that as a result of the aforesaid accident, she sustained severe and painful personal injuries and has suffered severe physical pain and mental anguish

to the date of filing this suit and continues to suffer, both physically and mentally. Complainant alleges she sustained injuries inclusive of, but not limited to, a right wrist colles fracture, right hip contusion, knee pain, back pain and neck pain. Complainant sought initial medical treatment with the Louisiana Medical Center and Heart Hospital. Complainant continued medical treatment with Dr. Brian Fong and underwent surgery to repair the broken right wrist colles fracture. On information and belief, Complainant alleges she will continue to need medical care and treatment in the future.

11.

Complainant JAMES R. LOVELACE alleges that due to the injuries sustained by his wife, GALE WEBB-LOVELACE, as a result of the aforesaid accident and resultant pain and disability of his wife, that their marriage has been severely damaged/stressed financially and emotionally and that he has suffered a loss of consortium and is entitled to remuneration therefor from the defendant.

12.

Complainants itemize their damages as follows:

a. Past, present, and future pain and suffering;

b. Past, present, and future mental anguish;

c. Past, present, and future medical expenses;

d. Past, present, and future loss of enjoyment of life;

e. Past, present, and future loss of consortium;

f. Permanent disability;

g. Other damages itemized at trial of this matter.

13.

Complainants seeks all further damages and relief that is equitable under the circumstances.

14.

Complainants desire and are entitled to judgment herein against the defendants in a reasonable amount for their damages, which exceed $75,000.00, exclusive of interest and costs.

**WHEREFORE,** Complainants pray that after due proceedings are had herein, that there be judgment in their favor and against defendant, SECURITY AUSTIN RISK AMG, L.L.C. d/b/a INTERNATIONAL RAM & ASSOCIATES, LLC, in an amount to be determined by this Honorable Court together with interest thereon from the date of judicial demand and for all costs of these proceedings and any and all other relief, general and equitable.

Respectfully submitted,

JONES LAGARDE, L.L.C.

/s/ Paul D. Hesse
G. BRICE JONES (#7484)
ROSS F. LAGARDE (#27542)
PAUL HESSE (#22796)
61025 Highway 1091 (Robert Road)
Slidell, Louisiana 70458
Telephone: (985) 643-2413
Attorneys for Complainants, Gale Webb-Lovelace and James R. Lovelace

**PLEASE SERVE:**

**SECURITY AUSTIN RISK AMG, L.L.C. d/b/a**
**INTERNATIONAL RAM & ASSOCIATES, LLC**
**through their agent for service of process,**
**CHRISTOPHER MASHBURN**
**35 COMSOUTH DRIVE**
**AUSTIN, TEXAS 78744**